**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack and Viola Sheriff, ) | No. CV 10-1328-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Deutsche Bank National Trust Company;) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Currently pending before the Court are Defendants' Motion to Vacate Temporary Restraining Order (Doc. 25) and Motion to Dismiss Plaintiffs' First Amended Verified Complaint (Doc. 26). The Court now rules on the Motions.

## **BACKGROUND**

Plaintiffs Jack and Viola Sheriff took out a loan to purchase residential property in the fall of 2005. They executed a Note and Deed of Trust to secure the financing. The Deed of Trust was recorded on November 1, 2005.

After reading about the Home Affordable Modification Program ("HAMP") on Defendant IndyMac's website and in correspondence received from IndyMac, the Plaintiffs called IndyMac on August 1, 2009 to request a HAMP application. IndyMac allegedly informed the Plaintiffs at that time that to be considered for HAMP, Plaintiffs would have to miss mortgage payments. Shortly thereafter, Plaintiffs ceased to make their mortgage

1  payments and have not made a payment since.

2       Plaintiffs mailed their HAMP application to IndyMac on February 8, 2010.  IndyMac
3  never responded, either by denying or granting the modification request, to the application.
4  According to Plaintiffs, IndyMac instructed Defendant Perry & Shapiro to commence a
5  Notice of Trustee's Sale against Plaintiffs' property.  A Notice of Trustee Sale was recorded
6  with the Maricopa County Recorder's Office on February 25, 2010.

7       In order to stop what they considered wrongful foreclosure, Plaintiffs filed suit against
8  Defendants in Maricopa County Superior Court on May 25, 2010.  The state court judge
9  issued a TRO without notice on May 26, 2010, which prevented Defendants from foreclosing
10 on the property at any time prior to "resolution of the Complaint filed with this Court on May
11 25, 2010 . . .."  (Ex. D to Plaintiffs' Am. Compl., Doc. 24-2, p.3.)

12      Defendants removed to this Court on June 14, 2010.  (Doc. 1-1.)  Defendants One
13 West Bank, FSB and Deutsche Bank National Trust, as Trustee of IndyMac Mortgage Loan
14 Trust, filed a Motion to Dismiss (Doc. 11) on July 1, 2010.  Defendant Perry & Shapiro
15 L.L.P.  filed a Motion to Dismiss (Doc. 20) on August 26, 2010.

16      After responding to the first Motion to Dismiss, but not to the second, Plaintiffs filed
17 a Motion to Amend their Complaint (Doc. 21) on September 21, 2010.  The Court granted
18 Plaintiffs' Motion to Amend Complaint on October 12, 2010.  (Doc. 23.)  In that Order, the
19 Court denied the pending motions to dismiss as moot because they would no longer respond
20 to the operative pleading and ordered the Defendants to answer or otherwise respond to the
21 Amended Complaint within twenty-five (25) days of the date of the Order.  (Id.)

22      Plaintiffs filed their Amended Complaint on October 18, 2010.  (Doc. 24.)
23 Defendants One West Bank, FSB and Deutsche Bank National Trust, as Trustee of IndyMac
24 Mortgage Loan Trust, filed the pending Motion to Dismiss Plaintiffs' First Amended
25 Complaint (Doc. 26) on November 4, 2010.  They filed the pending Motion to Vacate the
26 Temporary Restraining Order (Doc. 25) on the same day.

27
28

## MOTION TO DISMISS

### I. Legal Standard

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual

1 content that allows the court to draw the reasonable inference that the defendant is liable for
2 the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility
3 requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a
4 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short
5 of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*,
6 550 U.S. at 557).

7 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
8 alleged in the complaint in the light most favorable to the drafter of the complaint and the
9 Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
10 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true
11 a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286
12 (1986).

13 **II. Federal Claims**
14 **A. HAMP**

15 Plaintiffs claim that they are not attempting to state a private cause of action under the
16 Home Affordable Modification Program ("HAMP"). (Plaintiffs' Rsp. in Opp. to Mot. to
17 Dismiss, Doc. 30, pp. 5-7.) Despite this assertion, the majority of their complaint deals with
18 the purposes behind HAMP, HAMP guidelines issued by the United States Treasury, and
19 Defendants' alleged violations of those guidelines. This Court previously has held that no
20 express or implied private right of action exists under HAMP. *Marks v. Bank of Am., N.A.*,
21 2010 WL 2572988, at *5-7 (D.Ariz. June 22, 2010); *see also Puzz v. Chase Home Fin., LLC*,
22 2011 WL 395423, at *4 (D.Ariz. Feb. 4, 2011), *Schwartz v. Chase Home Fin., LLC*, 2010
23 WL 5151326, at *1 (D.Ariz. December 13, 2010). Therefore, to the extent Plaintiffs attempt
24 to state a claim under HAMP, that claim fails as a matter of law because no private right of
25 action exists under HAMP.

26 **B. Claim II: Violation of the Fair Housing Act**

27 In their Amended Complaint, Plaintiffs allege Defendants discriminated against them
28 in violation of the Fair Housing Act ("FHA") by failing to modify their loan because of Mrs.

- 4 -

1  Sheriff's "handicap". The FHA makes it unlawful "for any person or other entity whose
2  business includes engaging in residential real estate-related transactions to discriminate
3  against any person in making available such a transaction, or in the terms or conditions of
4  such a transaction, because of race, color, religion, sex, handicap, familial status, or national
5  origin." 42 U.S.C. § 3605(a).

6  It appears Plaintiffs are attempting to allege a disparate treatment, rather than a
7  disparate impact, claim under the FHA. To establish a *prima facie* case for disparate
8  treatment under the FHA, Plaintiffs must demonstrate that: 1) they are members of a
9  protected class; 2) they applied *and qualified for* a loan modification; 3) the loan
10 modification was denied despite their being qualified; and 4) Defendants approved a loan
11 modification for a similarly situated party during a period relatively near the time Defendants
12 denied the loan modification. *Vega v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 317652,
13 at *3 (D.Ariz. Feb. 1, 2011); *see also McDonald v. Coldwell Banker*, 543 F.3d 498, 505 (9th
14 Cir. 2008)(holding that to establish a *prima facie* case for disparate treatment under the FHA,
15 the plaintiff had to show: "(1) she is a member of a protected class; (2) she applied for a
16 house and was qualified to buy it; (3) the home sale was denied despite her being qualified;
17 and (4) defendant approved a home sale for a similarly situated party during a period
18 relatively near the time plaintiff was denied the house.").

19 Plaintiffs' attempts to state a claim under the FHA fail for a few reasons: 1) Plaintiffs
20 did not allege that they qualified for a loan modification; 2) they do not identify Mrs.
21 Sheriff's handicap; and 3) they have not alleged that Defendants approved a loan
22 modification for a similarly situated party around the same time Defendants did not respond
23 to Plaintiffs' request for a modification.

24 Plaintiffs have not alleged, nor do they argue, that they could have qualified for a loan
25 modification. This failure is important because the FHA protects against discrimination, not
26 against institutions' business decisions to deny a loan or modification because of an
27 applicant's lack of financial resources.

28 Further, Plaintiffs have not alleged how Mrs. Sheriff is handicapped. The FHA

- 5 -

defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). The Court cannot assess whether Plaintiffs sufficiently alleged Mrs. Sheriff's handicap under this definition because they have provided no details regarding the handicap.

Finally, Plaintiffs have not alleged that Defendants granted a loan modification to a person(s) in the same financial condition as Plaintiffs around the time Defendants failed to act on Plaintiffs' request for a modification. The Court therefore will grant the Motion to Dismiss Count II for violation of the FHA.

### C. Claim Four - Equal Credit Opportunity Act

In their Amended Complaint, Plaintiffs allege Defendants discriminated against them in violation of the Equal Credit Opportunity Act ("ECOA") by failing to modify their loan because of their age. The ECOA makes it unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, "on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. §1691(a)(1).

To establish a *prima facie* case under the ECOA, Plaintiffs must demonstrate that: 1) they are members of a protected class; 2) they applied for a loan modification(the "credit")[1]; 3) the Plaintiffs qualified for the loan modification; and 4) the loan modification was denied despite Plaintiffs being qualified for the modification. *See Chiang v. Veneman*, 385 F.3d 256, 259 (3rd Cir. 2004); *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 877 (6th Cir. 2002). Plaintiffs' ECOA claim shares one of the fatal flaws of their FHA claim – Plaintiffs have not alleged and do not contend that they qualified for a loan modification. They therefore also fail to state a claim under the ECOA.

In their Response, Plaintiffs deny that they have failed to state a claim, but, in the

---

[1] The Court will assume for the purposes of this Motion that Plaintiffs' application for a loan modification qualifies as an application for credit.

- 6 -

1 alternative, request that the Court grant them leave to file a Second Amended Complaint.
2 The Court's discretion to deny leave to amend is "particularly broad where plaintiff has
3 previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
4 1160 (9th Cir. 1989). In fact, leave to amend "need not be given if a complaint, as amended,
5 is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir.
6 1989).

Local Rule of Civil Procedure 15.1 provides that a "party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion . . ., which must indicate in what respect it differs from the pleading which it amends . . . ." Because Plaintiffs did not attach a proposed Second Amended Complaint,[2] the Court cannot determine whether, as the Court suspects, amendment of the FHA and ECOA claims would be futile. The Court therefore will deny leave to amend for failure to comply with the Local Rule. The Court notes that denial of the leave to amend will not deprive Plaintiffs of their day in court because the Court is remanding the state law claims for further adjudication as ordered below.

**II. State Law Claims**

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Plaintiffs have attempted to plead federal causes of action. The Court does not have diversity jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiffs named Christopher Perry and Perry & Shapiro, L.L.P., both Arizona citizens, as Defendants. The Court does not agree with Defendants that Plaintiffs named Mr. Perry and his law firm as Defendants solely to destroy diversity. Plaintiffs make several specific allegations against Perry & Shapiro.

In addition to their federal claims, Plaintiffs have alleged many state law claims. Because the Court has dismissed all the claims over which it has original jurisdiction and the case is at such an early stage in the proceedings, the Court declines to exercise supplemental

---

[2]The Court notes that although their attorney has since withdrawn, Plaintiffs' former counsel filed the First Amended Complaint. They did not draft the Amended Complaint *pro se*.

- 7 -

jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court therefore will remand this case to state court for further action.

## MOTION TO VACATE

Because the Court has not addressed the merits of the state law claims, the Court will not decide Defendants' Motion to Vacate the Temporary Restraining Order. Defendants can raise that issue before the state court, the court that originally entered the TRO.

Accordingly,

**IT IS ORDERED** GRANTING in part and DENYING in part Defendants' Motion to Dismiss Plaintiffs' First Amended Verified Complaint (Doc. 26). The Court grants the motion with regard to Claims II and IV and any attempt to state a claim under HAMP. The Court denies the Motion with regard to the remaining state law claims and remands to state court to decide those claims. The Clerk shall remand the remaining claims to state court for adjudication.

**IT IS FURTHER ORDERED** DENYING, without prejudice to re-urging in state court, Defendants' Motion to Vacate Temporary Restraining Order (Doc. 25).

DATED this 20th day of April, 2011.

James A. Teilborg
United States District Judge